UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MARTIN E. HUGHES, )
)
    Plaintiff, )
)
v. ) No.: 2:15-cv-30-JRG-MCLC
)
LIEUTENANT BUTCH GALLION, *et al.*, )
)
    Defendants. )

## **MEMORANDUM & ORDER**

While he was a pretrial detainee in the Hamblen County Detention Center, Martin E. Hughes brought this pro se civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983, alleging, among other claims, claims for interference with his legal mail and denial of medical care, which purportedly occurred while he was detained in the Hawkins County Detention Center [HCDC] [Doc. 1]. The Court entered an order dismissing all Defendants, except Defendant Butch Gallion, and all claims, save these two claims [Doc. 10]. As to these claims, the Court offered Plaintiff the opportunity to amend them because, as they stood, they were insufficient to state a claim. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Plaintiff's invited amended complaint, filed as a response, is now before the Court [Doc. 12]. In this pleading, Plaintiff alleges that incoming mail from this Court and his attorney and other purported legal sources was confiscated, photocopied out of his presence, and misdirected, and that the originals were not contained in his property when he was transferred to another facility. Plaintiff further claims that Defendant Gallion trained his officers to treat mail in this

fashion. In the complaint, Plaintiff contended that his outgoing legal mail, including a civil rights complaint against Defendant Gallion, likewise was interfered with and that this mail-handling method was unlawful and was employed pursuant to a policy established by Defendant Gallion.

The Court does not find these allegations, as more fully developed in the amendment, to be frivolous or malicious and cannot say that they do not state a claim which would entitle Plaintiff to relief under § 1983. Accordingly, this claim may advance against Defendant Gallion.

In the same vein, Plaintiff maintains that he named other officers in his pleading, such as Correctional Officers Casey Ferguson and Godsey, Johnson, Sawyers, Henard, "and more." An examination of the complaint shows that Plaintiff named none of the officers as Defendants in the caption of his complaint, did not list them as Defendants in the "PARTIES" section of his complaint, and did not seek relief from any supposed wrongful conduct committed by these officers in the "RELIEF" section of his complaint [Doc. 1 p. 1,3,5]. Hence, Plaintiff's allegation regarding these officers being named as Defendants is groundless and frivolous.

Plaintiff did not amend his allegations regarding the denial of medical care, and this claim is **DISMISSED** for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A(b).

Included in the pleading is Plaintiff's request for reconsideration of the dismissal of his claims for injunctive relief. The Court found that Plaintiff's transfer from the HCDC rendered moot his claims for injunctive relief from alleged untoward conditions and illegal mail-handling policy at that facility. Indeed, the claims were moot *ab initio* since Plaintiff had already been transferred from the HCDC when the complaint was filed. The Court sees no reason to reach a different conclusion with regard to the mootness of those claims for injunctive relief and, therefore, **DENIES** Plaintiff's request.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Gallion. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of the date of this Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Also, Plaintiff **SHALL** promptly notify the Court of any address changes and he is **ADVISED** that his failure so to do, within ten (10) days of any such change, will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE