UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| MARTIN E. HUGHES, | ) |
| Plaintiff, | ) |
| | ) No. 2:15-CV-30-JRG-MCLC |
| LT. BUTCH GALLION, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Martin E. Hughes ("Plaintiff") against Lt. Butch Gallion ("Defendant"), the Jail Administrator at Hawkins County Jail ("HCJ"). Plaintiff's complaint alleges that the legal mail policy at the HCJ violated his First Amendment rights as a pretrial detainee [Doc. 1 at 7; Doc 10 at 4]. By Memorandum Opinion and Order dated June 1, 2017, the Court found that Defendant is shielded by qualified immunity from liability for damages and granted summary judgment in his favor [Docs. 90, 91].

Presently before the Court are Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) based on clear error of law [Doc. 95]; motion for relief from judgment based on misconduct pursuant to Federal Rule of Civil Procedure 60(b)(3) [Doc. 96]; and motion to amend the Rule 60(b) motion to add a ground for relief based on "newly discovered evidence" pursuant to Federal Rule of Civil Procedure 60(b)(2) [Doc. 110].[1]

---

[1] Plaintiff also has filed a veritable plethora of ancillary motions [Docs. 108, 109, 114, 118, 119, 122 and 123], supplements [Docs. 97, 100, 104, 106, 111, 112 and 115], replies [Docs. 101 and 116] and miscellaneous letters [99, 102, 103, 105, 107, 117, 120 and 121], all of which attempt to clarify or amplify, but for the most part essentially merely reiterate, the grounds for relief and arguments set forth in what the Court will refer to as his three primary motions [Docs. 95, 96 and 110]. The Court has read every one of these submissions and, although they are largely duplicative, has considered them to the extent they may be relevant to the grounds for relief raised in Plaintiff's primary motions. The Court more specifically will address these documents within this Memorandum

1

The government has filed a response in opposition to the Rule 59(e) and Rule 60(b)(3) motions [Doc. 98] as well as a response opposing the motion to amend to add newly discovered evidence as a ground for relief under Rule 60(b)(2) [Doc. 113]. For the following reasons, Plaintiff's motions for relief pursuant to Rule 59(e) [Doc. 95] and Rule 60(b)(3) [Doc. 96], and his motion to amend pursuant to Rule 60(b)(2) [Doc. 110], all will be **DENIED**.

I.  BACKGROUND

Plaintiff initially filed a § 1983 complaint against Defendant Gallion, Attorney Robert Russell Mattocks and Attorney Greg Eichelman alleging, *inter alia*, claims for interference with his legal mail and denial of medical care while he was detained at the HCJ [Doc. 1]. Upon screening, the Court entered an order dismissing Mattocks and Eichelman as defendants and dismissing all of Plaintiff's asserted claims except for his mail-interference and medical care claims [Doc. 10]. Although finding that both of those claims, as pled, were insufficient to state a claim under § 1983, the Court offered Plaintiff an opportunity to amend the complaint to cure the deficiencies related to those claims [*Id.*].

Plaintiff subsequently filed an amended complaint alleging that his incoming mail from this Court, his attorney and other purported legal sources was confiscated, photocopied out of his presence, and misdirected; that the originals were not contained in his property when he was transferred to another facility; and that Defendant trained his officers to treat mail in this fashion [Doc. 12]. He further alleged that his outgoing legal mail, including a civil rights complaint against Defendant, also was interfered with, and that this unlawful method of handling mail was employed pursuant to a policy established by Defendant [*Id.*]. The Court found that Plaintiff's amended

---

Opinion *only* to the extent necessary to address the grounds raised in Plaintiff's primary motions or they otherwise warrant more specific discussion.

complaint set forth allegations sufficient to state a claim for interference with legal mail [Doc. 22 at 1–2].[2]

Following discovery, both parties filed motions for summary judgment [Docs. 51, 58]. The Court concluded that Plaintiff failed to carry his burden of showing that there is no genuine dispute as to any material fact and denied his motion for summary judgment [Doc. 90 at 8]. Turning to Defendant's summary judgment motion, and viewing the facts supported by the record and evidence in the light most favorable to Plaintiff, the Court found that there is no genuine dispute as to any material fact regarding Defendant's entitlement to qualified immunity [*Id*. at 9]. Specifically, the Court determined that the facts in the record, viewed in Plaintiff's favor, are insufficient either: (1) to establish a constitutional violation arising from the HCJ mail policy, whether as to interference with legal mail or as to denial of access to the courts [*id*. at 13–20]; or (2) to establish that a reasonable officer would have believed, in light of clearly established law, that the mail policy violated Plaintiff's constitutional rights [*Id*. at 20–21].

Finding as a matter of law that Defendant is entitled to qualified immunity, the Court granted Defendant's summary judgment motion and dismissed Plaintiff's civil rights action [Doc. 91], opening the floodgates to Plaintiff's torrent of submissions challenging that judgment.

## II.   ANALYSIS

### A.   Rule 59(e) Motion—Clear Error of Law

Plaintiff has filed a motion to alter or amend judgment pursuant to Rule 59(e) [Doc. 95] and various supplements [Docs. 97, 100, 104, 106] alleging that the Court committed a clear error of

---

[2] Plaintiff did not amend his allegations regarding the denial of medical care so that claim was dismissed for failure to state a claim [Doc. 22 at 2].

law in granting Defendant's motion for summary judgment.[3] In support, Plaintiff argues that the Court erred in not permitting him an opportunity to present evidence "in open court" on the qualified immunity issue [Docs. 95, 97]; that the Court "misled" him into believing he would have the opportunity to do so [Doc. 101, 102, 105]; that the Court failed to respond to his "transport request," [Doc. 95, 109]; that he was "hindered" by lack of counsel and "physical barriers" from presenting his evidence [Docs. 95, 103]; and that the Court erred in "not viewing the evidence more favorably" towards him [Doc. 95].

1. **Standard of Review**

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the judgment is entered. A Rule 59(e) motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Michigan Flyer LLC v. Wayne County Airport Authority*, 860 F.3d 425, 431 (6th Cir. 2017).

Although Rule 59(e) permits a court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n 5 (2008) (citation omitted). Where a movant merely "views the law in a light contrary to that of this Court," his

---

[3] As an initial matter, Plaintiff raised many of these same complaints a few days after summary judgment was granted in a letter motion [Doc. 93] which the Court generously construed as a Rule 59(e) motion to alter or amend judgment [Doc. 94]. The Court denied that motion finding that it did not set forth a clear error of law, newly discovered evidence, intervening change in law or any manifest injustice [*Id.*]. Nothing in the rules provides for multiple subsequent motions for reconsideration once a district court has issued an order denying a motion for reconsideration. *Hawkins v. Czarnecki*, 21 Fed. App'x 319, 320 (6th Cir. 2001). However, Plaintiff did note in his letter motion that he would be filing an "upcoming" motion to reconsider [Doc. 93], and although he has submitted nothing in his voluminous filings which would dictate a different result, for the sake of clarity and completeness, the Court will address his expanded Rule 59(e) motion and supplemental filings.

"proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (citation omitted). In exercising this discretion, the Court must balance the need for finality with the need to render just decisions. *Day v. Krystal Co.*, 241 F.R.D. 474, 476 (E.D. Tenn. 2007); *see also GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

### 2. Discussion

Plaintiff's primary contention throughout his multiple filings is that the Court committed a clear error of law in not permitting him to present evidence in open court on the qualified immunity issue. He argues that this evidence, consisting of "eyewitnesses" and other documents [Doc. 95], would have proven that Defendant used the mail policy to interfere with Plaintiff's ongoing criminal cases [Doc. 109] and to "cover-up" evidence helpful to his defense in his criminal case, which hindered the attorney-client relationship and caused him legal harm [Docs. 103, 106]. He also alleges that he has evidence to show that legal mail was not delivered and to establish alternative ways to handle the mail that would not have violated his constitutional rights [Doc. 121]. Plaintiff is not entitled to relief under Rule 59(e) on this ground.

As an initial matter, the Sixth Circuit has held that "'Rule 56 does not require an oral hearing on a motion for summary judgment.'" *Himes v. United States*, 645 F.3d 771, 784 (6th Cir. 2011) (quoting *Banfield v. Turner*, 66 F.3d 325, 1995 WL 544085, at *4 (6th Cir.1995). "[T]he plain language of Rule 56 'does not specifically require or even expressly authorize receipt of oral evidence and other types of evidence in a hearing setting.'" *March v. Levine*, 249 F.3d 462, 473 (6th Cir. 2001) ("oral testimony is not favored in summary judgment proceedings due to the well-

founded reluctance to turn a summary judgment hearing into a trial") (citations omitted). Instead, Rule 56 "simply requires an adequate chance to present evidence and arguments, and respond to those of one's opponent." *Himes*, 645 F.3d at 784.

Here, Plaintiff had the opportunity to present any and all relevant arguments and submit any and all relevant evidence, and to respond to Defendant's arguments and evidence, in his written response to Defendant's motion for summary judgment. And he in fact did file an 8-page single-spaced handwritten response to Defendant's summary judgment motion along with 17 attachments consisting of 163 additional pages of evidence [Doc. 80]; a 6-page single-spaced handwritten reply brief with another exhibit attached [Doc. 84]; and a 5-page single-spaced handwritten supplemental response along with another exhibit [Doc. 85].

Plaintiff should have submitted all evidence that he had on the qualified immunity issue with his response in opposition to summary judgment, his reply or his supplemental response. If he had "eyewitnesses," he should have included affidavits setting forth whatever facts those eyewitnesses could provide in accordance with Rule 56(b)(4). Instead, Plaintiff decided to save his evidence for presentation at a hearing that never was scheduled. Plaintiff's purported reasons for doing so are unavailing.

First, Plaintiff's allegation that the Court "misled" him into believing there would be a hearing is wholly without merit. The Court entered a scheduling order early in the case setting a non-jury trial date of May 16, 2017, along with deadlines for discovery and motions for summary judgment [Doc. 33]. With regard to summary judgment, the order set a deadline of March 21, 2017, for such motions and indicated responses were to be filed in accordance with Local Rule 7.1 [*Id*. at ¶ 2]. The order does **not** set a date for a hearing on summary judgment motions and Plaintiff's misinterpretation of the date set for a non-jury trial as the date for a summary judgment hearing is not the fault of the Court.

Plaintiff's assertion that his ability to submit his evidence on the qualified immunity issue was hindered by a "gang riot/hostage situation" in his prison [Docs. 96, 103, 104] is undercut by the fact that he was able to submit voluminous amounts of other evidence during the same time period. Moreover, his contention that, had the Court responded to his "transport request" and informed him there would be no hearing on the summary judgment motion, he would have submitted the evidence with his response [Doc. 95][4] is an acknowledgement that the evidence in fact was available for submission at the time the response was filed.

Plaintiff also alleges that the Court committed legal error by failing to consider the evidence presented in a light most favorable to him as the opposing party, then goes on to reargue the positions he advanced in his responses in opposition to Defendant's motion for summary judgment and to explain why he disagrees with this Court's analysis. However, as already noted, a Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The Court adheres to its previous ruling granting summary judgment in favor of Defendant and finds no basis to alter or amend its judgment under Rule 59(e). Plaintiff's proper recourse for his disagreement with that ruling is to file a notice of appeal. *McConocha*, 930 F. Supp. at 1184. Accordingly, Plaintiff's Rule 59(e) motion [Doc. 95] will be **denied**.

B.     **Rule 60(b)(3)—Misconduct of Party**

---

[4] Plaintiff's reference is to a letter he sent to the Court dated March 19, 2017, in which he requested information on "transport arrangements" for his "upcoming *trial*" [Doc. 67]. The letter did not merit a response, as Plaintiff merely asked the Court to "timely inform" him of any "specific requirements" that he had to comply with regarding his transportation [*Id.*] The trial date later was cancelled [Doc. 88] but not rescheduled in light of the Court's granting of Defendant's summary judgment motion.

Plaintiff also has moved for relief from judgment on the ground of misconduct, both by Defendant and by defense counsel, pursuant to Federal Rule of Civil Procedure 60(b)(3) [Doc. 96]. Specifically, Plaintiff alleges that Defendant committed misconduct by "denying" Plaintiff transportation to a summary judgment hearing [*Id*.] He also alleges that defense counsel delayed discovery responses and conspired with, prepared and assisted witnesses Mattocks and Eichelman in order to "cover-up" misconduct at the public defender's office [*Id*.].

### 1. Standard of Review

Federal Rule of Civil Procedure 60(b) allows a civil litigant the opportunity to seek relief from a final judgment under certain limited circumstances. *See* Fed. R. Civ. P. 60(b). However, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). Moreover, the grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. *Id*.

Rule 60(b)(3) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Rule 60(b)(3) requires the moving party to "'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 455 (6th Cir. 2008).

### 2. Discussion

Here, Plaintiff has not demonstrated deliberate misconduct by either Defendant or defense counsel. First, Plaintiff's allegation of misconduct against Defendant for not transporting him for a hearing is frivolous. No summary judgment hearing was scheduled in this case and Plaintiff's non-jury trial was continued pending further order of Court [Doc. 88]. There simply was no

hearing for Defendant to transport Plaintiff to.

Plaintiff's allegations of misconduct committed by Defendant's counsel also are without merit. Plaintiff contends that Defendant's counsel purposely delayed responding to Plaintiff's discovery request until the discovery cut-off day [Doc. 96]. However, Plaintiff's discovery request was made only eight days before Defendant responded, and a response made that quickly hardly can be termed "delayed" let alone be deemed to constitute a "deliberate act" that "adversely affected the proceedings." *Info-Hold, Inc.*, 538 F.3d at 455.

Plaintiff's other allegation of misconduct against Defendant's counsel is that he "conspired with" Mattocks and Eichelman, his defense attorneys in his state criminal proceedings, both of whom previously were dismissed as defendants in this civil rights action [Doc. 96]. Plaintiff contends that Defendant's counsel assisted these "witnesses" by preparing declarations that Defendant submitted in support of his summary judgment motion [Docs. 96, 99, 102]. Plaintiff asserts that obtaining declarations from Mattocks and Eichelman was unfair because Defendant's counsel previously had objected to Plaintiff serving written questions on them [Docs. 96, 99].

The Court again finds that Plaintiff has not established any misconduct on the part of Defendant's counsel based on these allegations. First, Defendant's motion to quash Plaintiff's written questions to Mattocks and Eichelman properly was submitted and, in fact granted, due to Plaintiff's failure to comply with Rule 31 of the Federal Rules of Civil Procedure [Doc. 47]. Moreover, Defendant's counsel properly sought declarations from Mattocks and Eichelman because they had information relevant to the issues presented in Plaintiff's § 1983 action and Plaintiff had listed them as witnesses [Doc. 98].

Because Plaintiff has failed to show any deliberate act on the part of either Defendant or Defendant's counsel that adversely impacted the fairness of this proceeding, he is not entitled to

relief under Rule 60(b)(3) and his motion [Doc. 96] will be **denied**.

### C. Rule 60(b)(2)—Newly Discovered Evidence

Plaintiff also has filed a motion to amend his motion for relief from judgment to add an additional ground for relief based on newly discovered evidence pursuant to Rule 60(b)(2) [Doc. 110].[5] Specifically he alleges that a former corrections officer at HCJ disclosed to him original copies of legal mail that purposely were kept by Defendant and that these documents show how Defendant interfered with the attorney/client privilege in Plaintiff's ongoing criminal cases in state court [Docs. 110, 120]. Plaintiff also has filed two supplements to his motion containing what are purported to be pieces of "original mail" [Docs. 111, 112].

#### 1. Counsel and Hearing

Included in Plaintiff's motion to amend are numerous other requests, including yet another request for the appointment of counsel and also for a hearing on his "new evidence" claim [Doc. 110]. Plaintiff's request for counsel and for a hearing both will be **denied**.

As an initial matter, sprinkled throughout Plaintiff's filings are complaints about not being provided the assistance of counsel at any time in these proceedings [Docs. 95, 99, 113, 117]. Plaintiff previously filed a motion for appointment of counsel [Doc. 52] which was denied by Magistrate Judge Clifton L. Corker [Doc. 55]. Plaintiff's motion for reconsideration of that order also was denied by Magistrate Judge Corker [Doc. 83]. Plaintiff has shown no basis under either

---

[5] Although relief based on newly discovered evidence also can be sought through a Rule 59(e) motion, such a motion must be filed within 28 days after the judgment is entered. *See*, *e.g.*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). Petitioner did not file his motion raising newly discovered evidence until December 22, 2017, over 6 months after entry of judgment. Accordingly, the Court will analyze Plaintiff's motion to amend solely under Rule 60(b)(2). *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (where party does not file motion for reconsideration within 28–day period authorized under Rule 59(e), "it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment").

Rule 59(e) or Rule 60(b) to revisit those prior orders.[6]

Nor is Plaintiff entitled to the appointment of counsel for purposes of his pending motions to reconsider. Appointment of counsel in a civil rights case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, it is "a privilege that is justified only by exceptional circumstances." *Id*. at 606. The appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when the chances of success are extremely slim. *Id*. (citation omitted). Here, even with the assistance of counsel, Plaintiff's chance of success on any of his pending motions would be negligible for all of the reasons stated in this opinion, and appointing counsel to assist him in pursuing his meritless claims is not warranted.

Nor is a hearing necessary. Neither the local rules of court nor the Federal Rules of Civil Procedure provide for a hearing on a Rule 60(b) motion as a matter of right. *See, e.g., Buck v. U.S. Department of Agriculture*, 960 F.2d 603, 609 (6th Cir. 1992). This is especially true when it does not appear that a hearing would aid in resolving any factual disputes. *Rush v. McLendon*, 21 F.3d 428 (6th Cir. 1994). Here, Plaintiff has not tendered any proof of facts that would assist the Court in exercising its discretion or offered anything to indicate that any fact not previously disclosed, or any "newly discovered" fact, would lead to a different result than that the Court previously reached. Accordingly, a hearing is unnecessary on Plaintiff's Rule 60(b) motion.

### 2. Standard of Review

To prevail on a Rule 60(b)(2) motion on the ground of newly discovered evidence, "a 'movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2)

---

[6] To the extent Plaintiff is alleging that these orders should be reconsidered because he "never consented to a magistrate judge" [Doc. 95], his consent was not necessary. By statute, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with enumerated exceptions that do not apply here. 28 U.S.C. § 636(b)(1)(A). Moreover, under Local Rule 7.5, party consent is required only with regard to the final resolution of *dispositive* motions.

[that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).

### 3. Discussion

Here, Plaintiff has failed to show that the "newly discovered" evidence that he has submitted entitles him to relief from judgment under Rule 60(b)(2). First, the evidence Plaintiff has submitted does not even appear to be new. As the government aptly notes, all of the evidence submitted by Plaintiff in his motion and supplements previously was filed *in this lawsuit* [Docs. 35, 45].

In reply, Plaintiff alleges that while he previously filed "copies" of these documents, what he now has submitted are the "originals" of that mail which, he asserts, prove that Defendant was keeping the originals in a separate file and doing so to cover-up misconduct by Plaintiff's state court defense attorneys [Doc. 116]. He also indicates that the anonymous corrections officer who provided him with these documents would be available "at an appropriate time" to testify in regard to these matters, but has not submitted any admissible proof supporting his allegation.

However, Plaintiff's allegation that these are the original pieces of mail that were kept by Defendant and only recently disclosed is belied by his own response to Defendant's motion for summary judgment, where he explicitly states "I have in my possession *original* copies of personal mail to offer the courts proving Lt. Gallion and C/O's were targeting legal mail only."' [Doc. 80 at 6] (emphasis added). This suggests that this "newly discovered" evidence in fact is some of the same evidence he was saving for a hearing on the summary judgment motions and which is the subject of his Rule 59(e) motion.

In any event, even assuming that the submitted evidence is newly discovered, Plaintiff still

is not entitled to relief from judgment based on that evidence because he cannot show that the "evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *HDC*, 675 F.3d at 615. None of the evidence that Plaintiff wants this Court now to consider, be it the evidence underlying his Rule 59(e) motion or the "newly discovered" evidence, would have produced a different result on the Court's finding of qualified immunity.

When a defendant asserts qualified immunity, a court must determine: "(1) whether the facts alleged by the plaintiff make out the violation of a constitutional right and (2) whether the right at issue was 'clearly established' at the time of the alleged violation." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "[I]f the plaintiff cannot make both showings, the officer is entitled to qualified immunity." *Brown v. Lewis*, 779 F.3d 401, 412 (6th Cir. 2015) (citing *Pearson*, 555 U.S. at 236).

Here, all of the evidence Plaintiff wants the Court to consider is material only to the question of whether Plaintiff can establish a violation of a constitutional right. However, even if Plaintiff could show, through any of the evidence he failed to produce prior to judgment or any of the "newly discovered" evidence, that a constitutional violation occurred, he still cannot meet the second prong of the test requiring that the right at issue be "clearly established" at the time of the alleged violation. As the Court found in granting summary judgment, Plaintiff has failed to show that the law at the time his legal mail was photocopied, pursuant to the revised policy, clearly established that this conduct was unconstitutional, such that a reasonable jail administrator would have known. [Doc. 90 at 21]. He still has not done so.

Thus, none of the evidence that Plaintiff wanted to present in open court prior to judgment or his "new" evidence would have any impact on the Court's finding that Defendant is entitled to qualified immunity as a matter of law. Since the evidence would not have produced a different

result at the summary judgment stage, he is not entitled to relief under Rule 60(b)(2) and his motion [Doc. 110] will be **denied**.

D.    **Ancillary Motions and Requests for Relief**

1.    **Motion for Timely Notice and Motion to Stay**

Plaintiff has filed a motion to receive timely notice of when a decision is rendered on his pending motions and a motion to stay a ruling on those motions pending his ongoing criminal proceedings in state court and a "thorough investigation" by the Board of Professional Responsibility of the Supreme Court of Tennessee [Doc. 108]. This motion will be **granted in part** and **denied in part**. To the extent Plaintiff requests "timely notice" of the Court's decision, the motion will be **granted**. To the extent Plaintiff is requesting a stay pending matters in the state criminal courts or the proceedings of the Board of Professional Responsibility, or any other relief, the motion will be **denied**.

In general, "[d]istrict courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Rule 62(b) of the Federal Rules of Criminal Procedure also authorizes a court to stay the execution of a judgment pending disposition of motions under Rules 59(e) and 60(b)

However, the proponent of a stay bears the burden of establishing its need, *Clinton v. Jones*, 520 U.S. 681, 708 (1997), and a movant for a stay is "required to show, at a minimum, serious questions going to the merits." *Ottawa Development Corp. v. U.S. Department of Housing*, 21 Fed. App'x 307, 309 (6th Cir. 2001) (citation omitted). Here, for all of the reasons stated in this opinion, Plaintiff's Rule 59(e) and Rule 60(b) motions are meritless.

Moreover, "'[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *Ohio*

*Environmental Council v. U.S. Dist. Court, Southern Dist. of Ohio*, 565 F.2d 396 (6th Cir. 1977) (quoting *Landis v. North American Company*, 299 U.S. 248, 255 (1936)). In this case, Judgment already has been entered and the proceedings are final, and Defendant has a strong interest in the finality of that judgment immunizing him from liability. Accordingly, Plaintiff's request for a stay will be **denied**.

### 2. Motion for Temporary Relief and Request for Stay

Plaintiff has filed a motion for "temporary relief" from the Court's finding in regard to qualified immunity and again requests a stay [Doc. 109]. For all of the reasons already stated, this motion will be **denied**.

### 3. Motion to Reconsider

Plaintiff has filed a motion to reconsider numerous other rulings that the Court has made, not only in this case but in other civil rights cases he has filed in this district, on the ground that he will be "coming into some new evidence" [Docs. 114, 115]. He also wants to amend his complaint and also to have Mattocks and Eichelman reinstated as defendants in his § 1983 action [*Id.*]

Plaintiff has offered nothing by which this Court would be warranted in altering or amending or otherwise providing relief from <u>any</u> order entered in this case under either Rule 59(e) or Rule 60(b). Nor do those Rules provide Plaintiff with a vehicle to challenge orders entered in entirely different cases. Finally, Plaintiff is not entitled to amend his complaint after judgment already has been entered and the case dismissed.

Since all of Plaintiff's grounds for relief and all of the requests set forth in this motion are frivolous, this motion to reconsider [Doc. 114] will be **denied**.

### 4. Motion to Compel

Plaintiff has filed what the Court will construe as a renewed motion to compel requesting numerous "CAP" (consumer assistance program) files from the Board of Professional Responsibility of the Supreme Court of Tennessee, which he contends will show evidence of how he was harmed by Defendant's mail policy [Doc. 118]. Plaintiff previously filed a motion to compel the Board to provide copies of those documents [Doc. 49], which the Court denied because the Board is a nonparty with no interest in this litigation [Doc. 50]. Plaintiff has advanced no basis under either Rule 59(e) or 60(b) to reconsider that order and the Court adheres to its prior ruling. Plaintiff's renewed motion to compel [Doc. 118] will be **denied**.

    5.     **Motion to Amend**

Plaintiff has filed a motion to amend the caption of the Memorandum Opinion dated June 1, 2017 [Doc. 90], which listed Plaintiff's prison identification number as "394465" [Doc. 119]. Plaintiff asserts that his correct prison identification number is "288333" [*Id.*]

Federal Rule of Civil Procedure 60(a) permits a court to correct a clerical mistake found in an order "whenever one is found." The Court has verified through the Tennessee Department of Corrections' online Felony Offender Information website (https//apps.tn.gov/foil-app/search.jsp) that Plaintiff's correct identification number is "00288333." Thus, Plaintiff's motion to amend [Doc. 119] will be **granted**, and, pursuant to Rule 60(a), the caption of the Court's June 1, 2017, Memorandum Opinion [Doc. 90] will be corrected to reflect Plaintiff's correct identification number. In all other respects, that Memorandum Opinion remains in full force and effect.

    6.     **Motion for Evidentiary Hearing**

Plaintiff has filed another motion for an evidentiary hearing [Doc. 122], again rehashing nearly all of the same arguments and requests for relief asserted in his other motions, supplements and letters. For the reasons already stated, Petitioner's motion for evidentiary hearing [Doc. 122],

as well as any and all other requests set forth therein, will be **denied.**

### 7. Motion for Counsel

Plaintiff has filed yet another motion requesting the appointment of counsel in which he alleges he is unable to obtain relevant records due to his pro se status [Doc. 123]. Attached to the motion is an order from the Criminal Court of Hamblen County denying Plaintiff's request for jail mail and phone records related to his proceeding before the Board of Professional Responsibility of the Supreme Court of Tennessee [Doc. 123-1]. As the Court obviously has no authority to appoint Plaintiff counsel so he can pursue relief either in the criminal courts of Tennessee or for proceedings before a state board of professional responsibility, the Court liberally will construe Plaintiff's motion as another request to have counsel appointed in regard to his pending Rule 59(e) and Rule 60(b) motions, and the motion [Doc. 123] will be **denied** for the reasons already stated.

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED** that Plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Doc. 95] is **DENIED**. It further is **ORDERED** that Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure [Doc. 96] and his motion to amend that motion to add a new ground for relief based on newly discovered evidence pursuant to Rule 60(b)(2) [Doc. 110] both are **DENIED**.

It further is **ORDERED** that Plaintiff's motion for timely notice [Doc. 108] is **granted in part** to the extent it asks for timely notice of the Court's ruling but is **denied in part** in all other respects.

It further is ORDERED that Plaintiff's (1) motion for temporary relief [Doc. 109]; (2) motion to reconsider [Doc. 114]; (3) motion to compel [Doc. 118]; (4) motion for hearing [Doc.

122]; and, (5) motion to appoint counsel [Doc. 123], all are **DENIED**.

It further is **ORDERED** that Plaintiff's motion to amend the caption of the Memorandum Opinion [Doc. 90] to reflect his correct prisoner identification number as "288333" [Doc. 119] is **GRANTED**. In all other respects, that Memorandum Opinion [Doc. 90] remains in full force and effect.

Final judgment was entered in this case on June 1, 2017, and the Court has determined that Plaintiff has advanced no basis to alter or amend that judgment, or any other order entered in this case, under Rule 59(e), nor to provide relief from that judgment, or any other order, under Rule 60(b). If Plaintiff disagrees with any of the Court's rulings, his proper recourse is to file a notice of appeal. Accordingly, Plaintiff is **ADVISED** that the Court will **not entertain any further motions, supplements, letters or other submissions** from him on any of the issues addressed herein.

**SO ORDERED**.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
